# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| THOMAS HALL, <br> RICHARD MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> MEMPHIS MEAT PROCESSING, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:17-cv-00127-TWP-DML <br> ) <br> ) <br> ) <br> ) |

## ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (DKT. 7)

Plaintiffs Thomas Hall and Richard Miller filed this action on June 20, 2017, against their former employer, Memphis Meat Processing, LLC, ("Memphis Meat") alleging that it terminated them on the basis of their age, in violation of the Age Discrimination in Employment Act ("ADEA"). On August 14, Memphis Meat filed a motion to dismiss, or in the alternative, for summary judgment, in which it maintains that it does not have the requisite number of employees to be an "employer" subject to the ADEA.[1]

Memphis Meat filed in support of its motion the affidavit of the CFO of the company that provides payroll services for Memphis Meat. He testifies that during the relevant times, Memphis Meat "did not have twenty or more employees for each working day in each of twenty or more calendar weeks," and he provides a chart of employees. Dkt. 8-1 ¶¶ 5-8. Mr. Hall and Mr. Thomas filed a response to Memphis Meat's motion on August 28, 2017. They argue that Memphis Meat has relied on matters outside the pleadings, thereby implicating the standard and procedures of

---

[1] Memphis Meat also asserts that the plaintiffs cannot meet other elements of their prima facie case, but the court finds they have clearly alleged them.

Rule 56, and that they have had no opportunity to take discovery, including discovery directed at this particular assertion of Memphis Meat. Indeed, plaintiffs cannot yet take discovery under the requirements of Rule 26, and the Court has not yet conducted an initial pretrial conference or entered a case management order.

Beyond that, the plaintiffs have raised specific questions about the "payroll services company" that supplied the above affidavit, noting that it is solely owned by the same two individuals who own Memphis Meats, suggesting that the two entities' employees should be aggregated for purposes of the ADEA threshold. They also question the reliability of the chart Memphis Meat has submitted, noting that it does not identify the employees or their positions.

Two things are clear: First, Memphis Meat has relied on matters outside the pleadings to support its motion under Rule 12(b)(6), and the Court would have to consider them to rule on the issue it has raised. Therefore, the court should proceed under Rule 56. Second, Memphis Meat's motion is premature. Mr. Hall and Mr. Thomas have the right to conduct discovery on the factual assertions on which Memphis Meat has premised its argument.

Accordingly, the motion to dismiss or for summary judgment (Dkt. 7) is **DENIED WITHOUT PREJUDICE** with leave to refile, if appropriate, following an opportunity for discovery.

The magistrate judge will schedule a pretrial conference to address the schedule for this and other deadlines necessary for this case.

**SO ORDERED**:

Date: 9/1/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

P. Stewart Abney
ABNEY & MCCARTY PLLC
stewart@amkylaw.com

Amanda Warford Edge
WYATT TARRANT & COMBS
aedge@wyattfirm.com